902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Keith Darris RIDLEY, Plaintiff-Appellant,
v.
Dr. BARCLAY; Portsmouth City Jail, Defendants-Appellees.
 No. 90-7252.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 2, 1990.
Decided April 12, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 89-710-AM)
 Keith Darris Ridley, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Keith Darris Ridley appeals the district court's order dismissing this 42 U.S.C. Sec. 1983 action for failure to demonstrate administrative exhaustion. Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered appellant to exhaust administrative remedies and to advise the court within 90 days of the result of the administrative proceedings. It warned appellant that failure to advise the court regarding exhaustion would result in dismissal of the action. The district court dismissed the case without prejudice upon expiration of the 90-day period, concluding that appellant had not complied with its order.
 
 
 2
 Although the district court could properly require exhaustion of administrative remedies under 42 U.S.C. Sec. 1997e, we believe that the record in this case contained sufficient evidence of exhaustion prior to the expiration of the 90-day period such that the court should have proceeded to consideration of appellant's motion for leave to proceed in forma pauperis. On May 22, 1989, in response to the court's order to demonstrate administrative exhaustion, Ridley submitted a "motion" which (1) informed the court of Ridley's transfer to the Brunswick Correctional Center, (2) contained an additional request to proceed in forma pauperis, and (3) contained an exhibit which Ridley alleged demonstrated his efforts at administrative exhaustion. The exhibit contained defendant Barclay's response to Ridley's administrative grievance.[1]
 
 
 3
 The inmate grievance procedure for the Portsmouth City Jail provides that although claims of inadequate medical care are grievable under the Inmate Grievance Procedures (AM-115), the grievance process is complete when the doctor responds to the grievance.[2] We conclude that Ridley has sufficiently demonstrated exhaustion of administrative remedies. The district court's dismissal of the action, therefore, was improper. We therefore vacate the judgment below and remand for further proceedings. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and the decisional process would not be significantly aided by oral argument.
 
 VACATED AND REMANDED
 
 
 [1]
 Although Ridley's May 22, 1989, motion contains a district court--Richmond Division--date stamp of May 19, and a district court--Alexandria Division--date stamp of May 22, the "motion" and the attached exhibit were not entered on the district court's docket sheet until January 3, 1990, well after the time for complying with the order to demonstrate administrative exhaustion and after the district court's final order dismissing the case without prejudice. We assume, therefore, that the May 22 motion and exhibit were not before the district court when it dismissed the case
 
 
 [2]
 Part (E)(1)(d) of the Inmate Grievance Procedures (AM-115) provides:
 Medical issues are grievable, particularly those issues relating to lack or denial of care. Grievances regarding the Doctors medical orders will be limited to review by the doctor, or if he feels it is warranted, his peer. The review will be limited to his orders and the basis for them. This type of grievance will go to the doctor or his peer for level one consideration and no further.